NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASKIAA J. NASH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>　　　　　　Defendants. | Civ. No. 22-01804 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

**PADIN, DISTRICT JUDGE**

It appearing that:

　　1.　　Before the Court is *pro se* Plaintiff Askiaa J. Nash's application to proceed *in forma pauperis* ("IFP"). D.E. 9. Plaintiff's Complaint names Defendants State of New Jersey, Department of Education, Newark Board of Education, Commissioner Dr. Angelica Allen-McMillian, Superintendent Roger Leon, and Human Resources Director Dr. Yolanda Mendez. Compl. at 1-2.

　　2.　　28 U.S.C. § 1915, the IFP statute, ensures that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. Dupont Co.*, 335 U.S. 331, 342 (1948). In order to proceed IFP, a litigant must show that he "cannot because of his poverty 'pay or give security for the costs and still be able to provide' himself and dependents 'with the necessities of life.'" *Id.* at 339.

　　3.　　Based on Plaintiff's sworn IFP application, the Court finds that he cannot both pay the filing fee and still be able to provide himself with the necessities of life. Accordingly, the Court **GRANTS** his application.

4. Having granted Plaintiff's application, the Court must screen the Complaint under § 1915(e)(2)(B) before permitting service of process. *See Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018). Courts are generally more forgiving of complaints filed *pro se* and construe their allegations liberally. *Haines v. Kerner,* 404 U.S. 219 (1972). Nonetheless, courts must *sua sponte* dismiss any claim that (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2)(B)(i)–(iii).

5. "When considering whether to dismiss a complaint for failure to state a claim pursuant § 1915(e)(2)(B)(ii), district courts use the same standard it employs under Fed. R. Civ. P. 12(b)(6)." *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020). To survive dismissal under Rule 12(b)(6), complaints must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *i.e.*, "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878-79 (3d Cir. 2018) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).

6. A complaint must also comply with Rule 8. Rule 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim[s] showing that the [plaintiff] is entitled to relief." Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Rule further requires that the complaint set forth the plaintiff's claims with enough specificity as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The complaint must contain "sufficient facts to put the proper defendants on notice so they can frame an answer" to the plaintiff's allegations. *See Dist. Council 47, Am. Fed'n of State, Cty. & Mun. Emps., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986). Importantly, pleadings that fail to allege which Defendant did what "undermine[ ] the notice pleading regime of Rule 8." *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014).

7. Moreover, "shotgun pleadings" fail to meet the pleading requirements of Rule 8. *See, e.g.*, *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988). A shotgun pleading can arise in any of the following circumstances: (i) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts," (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (iii) a complaint that does not separate "into a different count each cause of action or claim for relief," or (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Such pleadings impose on courts and defendants the onerous task of sifting out irrelevancies. *See id.* at 1323.

8. Here, Plaintiff's Complaint states that he was employed as an Educational Media Specialist by Newark Public Schools from September 1, 1993 until October 10, 2000, when he was suspended pending the outcome of a sexual assault investigation. Compl. at 4. On or about June 1, 2001, following the conclusion of the New Jersey Division of Family Services' investigation, Plaintiff was terminated from his employment with Newark Public Schools. *Id.* It

3

appears that Plaintiff believes he was entitled to, but did not receive, a termination hearing before an unspecified party.  *Id.*  It also appears that Plaintiff believes he was entitled to, but did not receive, a statement of reasons for his dismissal from an unspecified party.  *Id.*  Plaintiff was tried, convicted, and sentenced to a 22-year prison sentence on May 15, 2002.  *Id.*  Plaintiff was imprisoned from May 15, 2002 until January 13, 2013.  *Id.*

9.    Plaintiff states that he was released from prison due to the New Jersey Supreme Court's reversal and remand of the lower court's decision.  *Id.*  It further appears that, for reasons unspecified in Plaintiff's Complaint, the Essex County Prosecutor's Office dismissed the indictment against Plaintiff and expunged his records.  *Id.*  It also appears that, at an unspecified time, Plaintiff moved, before the New Jersey Appellate Court, to challenge the Newark Board of Education/New Jersey Department of Education's decision on his tenure status.  *Id.*  Plaintiff states that the New Jersey Appellate Court ruled that he had not obtained tenure.  *Id.*  Lastly, without specifying when or how, Plaintiff moved to question the Newark Board of Education's alleged failure to grant him a termination hearing and statement of reasons for his dismissal, which he claims violated his "due process rights and [] state and federal constitutional guarantees."  *Id.*  Additionally, Plaintiff's Complaint does not specify what it means to "move[] to question[.]"  *Id.*

10.   Based on these events, Plaintiff alleges five injuries: "loss of reputation – defamation[;]" "psychological – mental anguish[;]" "wrongful – termination 'without cause';" "invasion of privacy[;]" and "invasion of civil rights[.]"  *Id.* at 5.  Plaintiff's demands $6,000,000 in relief.  *Id.*

11.   Even construed liberally, Plaintiff's Complaint does not meet the relevant pleading standards outlined above.  His Complaint lodges a series of vague, conclusory assertions.  Plaintiff merely points to a series of events without clearly identifying how they are related to his claims,

4

what happened, who did what, and why those events give rise to the series of claims Plaintiff raises and the relief he seeks. *See* Compl. at 4-5. The Complaint thus fails to put each of the Defendants on adequate notice of the causes of action against them.

12. Furthermore, claims can proceed only where they are not time-barred. New Jersey's two-year statute of limitations for tort claims applies to any claims asserted under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *see also* N.J.S.A. 2A:14-2. Even where a Section 1983 claim is akin to a contract claim, New Jersey's two-year statute of limitations for tort claims applies, not New Jersey's six-year statute of limitations for contract claims. *See Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993); *Wright v. Drug Enforcement Agency*, 354 Fed. App'x 608, 610 (3d Cir. 2009). Under federal law, the statute of limitations for a claim begins to accrue "when the plaintiff knew or should have known of the injury upon which the action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

13. But special timeliness rules apply in the context of claims brought under Section 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Where a Section 1983 plaintiff must wait to bring her civil claim until the underlying criminal proceedings are favorably resolved, then the plaintiff's civil claim does not accrue for statute of limitations purposes until the underlying criminal case is favorably terminated. *Heck v. Humphrey*, 512 U.S. at 489-90. Following *Heck's* guidance, in *Coello v. DiLeo et al.*, No. 21-2112 & 21-2366, at *16-18 (3d Cir. Aug. 8, 2022), the Third Circuit held that the plaintiff's Section 1983 claims were timely-filed in 2020 because those claims did not begin to accrue until the plaintiff's underlying 2007 criminal conviction was vacated in 2018.

14. The Court cautions Plaintiff to plead only claims that are not time-barred.

15. The Court therefore **DISMISSES** the Complaint in its entirety as both insufficiently vague and an impermissible shotgun pleading. The Court adds that Plaintiff's Section 1983 claims related to his alleged wrongful termination are barred by the applicable two-year statute of limitations. The dismissal is *without prejudice* to Plaintiff's ability to replead. If Plaintiff repleads, he must clearly outline the facts supporting his claims; which of the Defendants committed which acts; what claims he intends to bring against each of the Defendants; and which factual allegations relate to each claim. He may do so by submitting an amended complaint, which outlines the appropriate information in separately numbered paragraphs. Plaintiff is on notice that failure to file an amended complaint within 30 days or to cure the deficiencies in the Complaint will result in a dismissal *with prejudice*.

Accordingly, it is on this 8th day of September 2022,

**ORDERED** that Plaintiff's IFP application, D.E. 9, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is **DISMISSED** *without prejudice* for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that Plaintiff may file an amended complaint within 30 days from the date of this Order addressing the deficiencies outlined above; and it is finally

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Plaintiff and **CLOSE** this matter.

Dated: September 8, 2022

*Evelyn Padin*
_____
Hon. Evelyn Padin, U.S.D.J.